IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ROBERT MAY,**

    **Plaintiff,**

**v.**                                  **CASE NO. 2:04-cv-01107**

**JO ANNE BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. By standing order, this case was referred to this United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the court are the parties' cross-motions for judgment on the pleadings.

Plaintiff, Robert Dean May (hereinafter referred to as "Claimant"), filed applications for SSI and DIB on January 27, 2003, alleging disability as of January 30, 2002, due to knee, back and hearing impairments. (Tr. at 60-62, 70, 240-43.) The claims were denied initially and upon reconsideration. (Tr. at 38-41, 44-

46, 246-50, 252-54.)  On August 13, 2003, Claimant requested a hearing before an Administrative Law Judge ("ALJ").  (Tr. at 47.) The hearing was held on March 3, 2004, before the Honorable James D. Kemper.  (Tr. at 255-84.)  By decision dated April 30, 2004, the ALJ determined that Claimant was not entitled to benefits.  (Tr. at 16-24.)   The ALJ's decision became the final decision of the Commissioner on August 16, 2004, when the Appeals Council denied Claimant's request for review.  (Tr. at 3-5.)  On October 13, 2004, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability.  See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. §§ 404.1520, 416.920 (2004).   If an individual is found "not disabled" at any step, further inquiry is unnecessary.  Id. §§ 404.1520(a), 416.920(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful

2

employment.  Id. §§ 404.1520(b), 416.920(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.   Id. §§ 404.1520(c), 416.920(c).   If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.   Id. §§ 404.1520(d), 416.920(d).   If it does, the claimant is found disabled and awarded benefits.  Id.  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  Id. §§ 404.1520(e), 416.920(e).  By satisfying inquiry four, the claimant establishes a prima facie case of disability.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.  20 C.F.R. §§ 404.1520(f), 416.920(f) (2004). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date. (Tr. at 17.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of degenerative joint disease of the knees and degenerative disc disease of the lumbar spine. (Tr. at 18.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 18.) The ALJ then found that Claimant has a residual functional capacity for light work, reduced by nonexertional limitations. (Tr. at 21.) As a result, Claimant cannot return to his past relevant work. (Tr. at 21.) Nevertheless, the ALJ concluded that Claimant could perform jobs such as gate guard, product inspector, night watchman and surveillance monitor, which exist in significant numbers in the national economy. (Tr. at 22.) On this basis, benefits were denied. (Tr. at 22.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less

>than a preponderance. If there is evidence to
>justify a refusal to direct a verdict were the
>case before a jury, then there is 'substantial
>evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."  Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was forty-one years old at the time of the administrative hearing.  (Tr. at 257.)  Claimant completed the seventh grade.  (Tr. at 258.)  In the past, he worked as a mechanic.  (Tr. at 259.)

The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not

supported by substantial evidence because (1) the ALJ failed to properly consider Claimant's impairments in combination; and (2) the ALJ erred in considering Claimant's pain and credibility. (Pl.'s Br. at 12-16.)

The Commissioner argues that (1) the ALJ properly considered Claimant's impairments in combination; and (2) the ALJ properly assessed Claimant's subjective complaints of pain. (Def.'s Br. at 9-17.)

Claimant first argues that the ALJ failed to properly consider the combination of Claimant's impairments. Specifically, Claimant argues that the ALJ failed to consider Claimant's diverticulosis and COPD. Claimant further asserts that the ALJ failed to consider Claimant's mental impairments and erred in failing to find any mental limitations in his residual functional capacity assessment. (Pl.'s Br. at 13.)

The social security regulations provide that

> [i]n determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.

20 C.F.R. §§ 404.1523, 416.923 (2004). Where there is a combination of impairments, the issue "is not only the existence of the problems, but also the degree of their severity, and whether,

together, they impaired the claimant's ability to engage in substantial gainful activity." Oppenheim v. Finch, 495 F.2d 396, 398 (4th Cir. 1974). The ailments should not be fractionalized and considered in isolation, but considered in combination to determine the impact on the ability of the claimant to engage in substantial gainful activity. Id. The cumulative or synergistic effect that the various impairments have on claimant's ability to work must be analyzed. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983).

 The court proposes that the presiding District Judge find that the ALJ adequately considered Claimant's severe and nonsevere impairments alone and in combination as evidenced in his decision and in the hypothetical question to the vocational expert. Claimant claims that his treating physician, Gregory A. Elkins, M.D., diagnosed COPD. In fact, Dr. Elkins noted Claimant had a cough and indicated COPD should be ruled out. Pulmonary function tests on September 19, 2002, were normal. (Tr. at 174-77.) Dr. Elkins' treatment notes thereafter do not indicate a diagnosis of COPD and on December 23, 2002, and January 30, 2003, Dr. Elkins noted that Claimant's lungs were clear. (Tr. at 159, 162, 168, 171.) Finally, when asked to identify the impairments that kept him from working, Claimant did not identify breathing problems. (Tr. at 273-74.) Claimant did not otherwise testify about breathing problems at the administrative hearing, but did state that he stopped smoking in March 2003. (Tr. at 280.) The court

proposes that the presiding District Judge find that Claimant's COPD was not a severe impairment as that term is defined at 20 C.F.R. §§ 20 C.F.R. 404.1520(c) and 416.920(c) (2004), and that it did not otherwise result in limitations that impacted Claimant's ability to work, whether considered alone or in combination with his remaining impairments.

The ALJ properly concluded that Claimant's mental impairments were not severe. The ALJ explained in his decision that while Claimant received medication to help him sleep, there is no medical record of clinical findings of anxiety or depression. Indeed, Lisa C. Tate, M.A. conducted a consultative mental examination on June 14, 2003, and her only diagnoses were learning disorder, not otherwise specified, reading disorder, mathematics disorder and borderline intellectual functioning. Claimant reported a variety of daily activities. In addition, Ms. Tate found social functioning, concentration and persistence to be within normal limits. (Tr. at 205.) The ALJ determined that this evidence from Ms. Tate, coupled with the opinion of the State agency medical source that Claimant's mental impairments were not severe (Tr. at 207-20) and Claimant's lack of mental health treatment, supported a finding that Claimant had mild difficulty in maintaining social functioning, mild restriction in activities of daily living, mild difficulty maintaining concentration, persistence and pace and no episodes of deterioration. (Tr. at 18.)

The ALJ's analysis of Claimant's mental impairments is supported by substantial evidence, and the court proposes that the presiding District Judge so find. Furthermore, the court proposes that the presiding District Judge find that the ALJ adequately contemplated any limitation in intellectual functioning in finding in the hypothetical question that Claimant had a seventh grade education and that he reads on the third grade level. (Tr. at 282.)

Finally, the court proposes that the presiding District Judge find that substantial evidence supports the ALJ's analysis of Claimant's diverticulosis. The ALJ did not err in failing to find this impairment severe. While Claimant testified that he bled from his bowels every two to three days (Tr. at 266), Claimant also testified that his condition was better when he ate the proper diet. (Tr. at 267, 269.) The medical evidence of record does not indicate significant limitations related to Claimant's diverticulosis. In any event, the ALJ fully considered this nonsevere impairment in his decision. As the ALJ noted in his decision, since Claimant's diagnosis in February of 2003, "there is no record of complaints of rectal bleeding since that date (Exhibit 5F)." (Tr. at 20.) In addition, while Claimant "spent considerable time testifying about the bleeding from his bowels and to a lesser degree the pain in his tailbone, he admitted that he has had these problems for over six years. He worked as a mechanic

until January 2002 with these problems.  Claimant also reported and testified to a considerable number of activities that he is able to perform including cutting his grass with a riding lawn mower, running the sweeper, doing dishes, feeding his dog, watching television, going to church twice a week, going to the grocery store twice a month and visiting with his uncle three times a week Exhibit 7F and testimony)."  (Tr. at 20.)

Based on the above, the court proposes that the presiding District Judge find that the ALJ adequately considered Claimant's impairments alone and in combination and, to the extent those impairments resulted in limitations, adequately considered them in the residual functional capacity finding and hypothetical question.

Next, Claimant argues that the ALJ erred in failing to properly assess his pain and credibility.  In particular, Claimant argues that the ALJ failed to consider the pain Claimant suffers from his back and knee impairments and diverticulosis and the objective evidence supporting Claimant's subjective complaints. (Pl.'s Br. at 14-16.)

The court proposes that the presiding District Judge find that the ALJ's pain and credibility findings are consistent with the applicable regulations, case law and social security ruling ("SSR") and are supported by substantial evidence.  20 C.F.R. §§ 404.1529(b) and 416.929(b) (2004); SSR 96-7p, 1996 WL 374186 (July 2, 1996); Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996).  The

ALJ's decision contains a thorough consideration of Claimant's daily activities, the location, duration, frequency, and intensity of Claimant's knee and back pain and symptoms related to diverticulosis, precipitating and aggravating factors, Claimant's medication and side effects and treatment other than medication. (Tr. at 19-20.)

The ALJ determined that Claimant's credibility as a witness was fair and his demeanor during the hearing was consistent with the limitations contained in the residual functional capacity assessment. The ALJ provided an in depth explanation as to his credibility finding, noting in particular, that Claimant gets relief from pain medications, although they cause some side effects. In addition, the ALJ noted that following surgery on his right knee, Claimant regained full range of motion. Since then, Claimant has had decreased lumbar spine range of motion and bilateral knee swelling, but no positive neurological findings or strength deficit. (Tr. at 20.) Thus, the ALJ reduced Claimant's residual functional capacity to light work, further reduced by an occasional ability to climb, balance, stoop, knee, crouch and crawl and a need to avoid exposure to cold and hazards. (Tr. at 21.) The ALJ's pain and credibility analysis and the resulting residual functional capacity finding are supported by substantial evidence, and the court proposes that the presiding District Judge so find.

For the reasons set forth above, it is hereby respectfully

RECOMMENDED that the presiding District Judge DENY the Plaintiff's Motion for Judgment on the Pleadings, GRANT the Defendant's Motion for Judgment on the Pleadings, AFFIRM the final decision of the Commissioner and DISMISS this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable Joseph R. Goodwin.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

12

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

   October 18, 2005
       Date

*/s/ Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge