# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

ROBERT MAY,

            Plaintiff,

v.                                CIVIL ACTION NO.  2:04-01107

JO ANNE B. BARNHART,
Commissioner of Social Security,

            Defendant.

## ORDER

In this action, filed under 42 U.S.C. §§ 401-433. 1381-1383f, the plaintiff seeks review of the final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits and supplemental security income.  The case is presently pending before this court on cross motions for judgment on the pleadings [Docket 10 and 14].

This action was referred to the Honorable Judge Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  On October 18, 2005, the Magistrate Judge submitted her *Findings and Recommendation* wherein she recommended that the court deny the plaintiff's motion for judgment on the pleadings, grant the defendant's motion for judgment on the pleadings, and affirm the final decision of the Commissioner.  On October 24, 2005 the plaintiff filed objections to the Magistrate Judge's *Findings and Recommendation*.

**Standard of Review**

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C.A. § 405(g) (West Supp. 1998). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Commissioner (or the Commissioner's designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the court would have reached a different decision, it must nonetheless defer to the conclusions of the Administrative Law Judge (ALJ) if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## Analysis

The plaintiff makes two objections to the *Findings and Recommendation* of the Magistrate Judge. First, the plaintiff argues that contrary to the Magistrate Judge's finding, the ALJ did not adequately consider Mr. May's diverticulosis and mental impairments. Specifically, the plaintiff alleges that (1) the ALJ improperly concluded that the diverticulosis was not serious and (2) the ALJ did not consider that Mr. May quit school in the seventh grade and had significant limitations in his mental functioning. Second, the plaintiff argues that the ALJ made an adverse credibility assessment which was not adequately explained. The court has reviewed *de novo* those portions of the Magistrate Judge's *Findings and Recommendation* to which the plaintiff objects and **FINDS** that the objections lack merit. The court agrees with the Magistrate Judge's thorough analysis of these issues. Accordingly, the court **ADOPTS** the *Findings and Recommendation* of the Magistrate Judge, **DENIES** the plaintiff's motion for judgment on the pleadings [Docket 10], **GRANTS** the defendant's motion for judgment on the pleadings [Docket 14], and **AFFIRMS** the final decision of the Commissioner. The court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Stanley, counsel of record, and any unrepresented parties.

ENTER:   November 1, 2005

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE